Filed 10/16/25  P. v. Vigil CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064186 |
| v. | (Super. Ct. No. M-20093) |
| LOUIS DAVID VIGIL, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Jay Moorhead, Judge. Reversed and remanded with directions.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Kerry Ramos and Sahar Karimi, Deputy Attorneys General, for Plaintiff and Respondent.

Louis David Vigil appeals from the trial court's order denying his petition to terminate his sex offender registration under Penal Code section 290.5, subdivision (a) (all undesignated statutory references are to this code). Vigil argues the court abused its discretion in evaluating the statutory factors to determine "whether community safety would be significantly enhanced by requiring continued registration." (§ 290.5, subd. (a)(3).) We agree. We reverse the order and remand the matter with directions to grant Vigil's petition.

FACTUAL AND PROCEDURAL BACKGROUND

In 1995, Vigil pleaded guilty to a certain sex crime, triggering a duty to register as a sex offender under section 290. Twenty seven years later, in October 2022, he filed a petition to terminate his sex offender registration pursuant to section 290.5. He alleged he was a "[t]ier 2" offender and had registered for at least 20 years, making him eligible for terminating his registration requirement. The prosecution objected to granting the petition and requested a hearing because "[c]ommunity safety would be significantly enhanced by the petitioner's continued registration." It also filed an opposition with supporting documents. Vigil filed a response to the opposition with supporting documents.

At the hearing in May 2024, the trial court denied the petition "based on the totality of the circumstances," but allowed Vigil to petition for termination again in one year. The court stated it reviewed counsel's arguments and the prosecution's evidence. In making its determination, the court relied on "the numerous acts of sexual conduct against" Vigil's daughter "when she was three or four years old." It mentioned "some violence against the victim's mother and . . . brother." The court cited Vigil's statement to a therapist around the time of his conviction that he believed "it was his right

2

to do what he did to his daughter based on the fact that he brought her into this world." "But the main fact" on which the court relied was a postconviction allegation: Vigil engaged in inappropriate sexual conduct with a 13-year-old girl, who was his girlfriend's daughter, in 2005 and 2006. The court acknowledged Vigil was never arrested or prosecuted for the alleged inappropriate conduct, but said multiple witnesses reported Vigil to law enforcement. The court expressed concern: "I'm extremely worried that if we don't continue to have . . . Vigil register and monitored that future harm to somebody could happen in the future, based on what happened in 2005 [and] 2006."

## DISCUSSION

The Sex Offender Registration Act (§ 290 et seq.) requires a person convicted of certain sex crimes to register as a sex offender. Originally, all sex offenders were subject to a lifetime registration requirement. Effective January 1, 2021, section 290 was restructured to provide for three tiers of registration for sex offenders, based primarily on the offense. (Stats. 2017, ch. 541, § 2.5.) Registration requirements can now be for 10 years (tier one), 20 years (tier two), or a lifetime (tier three). (§ 290, subd. (d).) Vigil is a tier two sex offender required to register for at least 20 years. (§ 290, subd. (d)(2).)

Section 290.5 permits sex offenders in tiers one and two to petition the trial court to terminate their registration requirement. The prosecution may request a hearing and "present evidence" to demonstrate "community safety would be significantly enhanced by requiring continued registration." (§ 290.5, subd. (a)(2)–(3).) In other words, the prosecution has the burden of producing evidence to establish "terminating the registration requirement considerably raised the threat to society because" a petitioner is

3

"*currently* likely to reoffend." (*People v. Thai* (2023) 90 Cal.App.5th 427, 433 (*Thai*).)

In making its decision, the trial court must consider: "the nature and facts of the registerable offense; the age and number of victims; whether any victim was a stranger at the time of the offense (known to the offender for less than 24 hours); criminal and relevant noncriminal behavior before and after conviction for the registerable offense; the time period during which the person has not reoffended; successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program; and the person's current risk of sexual or violent reoffense, including the person's risk levels on SARATSO static, dynamic, and violence risk assessment instruments, if available." (§ 290.5, subd. (a)(3).) If the court denies the petition, it must "set the time period," ranging from one to five years, "after which the person can [re-petition] for termination," and provide its reasons. (§ 290.5, subd. (a)(4).)

"An appellate court reviews the trial court's ruling on a petition for termination from the sex offender registry for abuse of discretion. [Citation.] To establish an abuse of discretion, a defendant must demonstrate the trial court's decision fell outside the bounds of reason, i.e., was arbitrary, capricious, or patently absurd. [Citation.] [¶] 'The abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' [Citation.] A trial court abuses its discretion when its factual findings are not supported by the evidence, or its decision is based on an incorrect legal standard." (*Thai, supra*, 90 Cal.App.5th at p. 433.)

The Attorney General argues the trial court properly exercised its discretion in weighing the statutory factors. Vigil argues insufficient evidence supports the denial of his petition and we should reverse the denial in accordance with *Thai*.

In *Thai*, the petitioner masturbated a 12-year-old boy and pleaded guilty to "committing a lewd and lascivious act upon a child under the age of 14 years" under section 288, subdivision (a). (*Thai, supra*, 90 Cal.App.5th at p. 430.) More than 23 years later, the petitioner filed a petition to terminate his sex offender registration. (*Ibid.*) "The trial court stated it considered 'each and every one of the factors' and although not considering the circumstances of the offense alone, it was 'weighing that heavily'" in denying the petition. (*Id.* at p. 431.) The appellate court held: "[I]nsufficient evidence supports the trial court's conclusion community safety would be appreciably increased by requiring Thai to continue to register for five years. The prosecution failed its burden to produce evidence establishing that terminating the registration requirement considerably raised the threat to society because 64-year-old Thai was *currently* likely to reoffend." (*Id.* at p. 433.)

Here, the trial court "committed the sin condemned in *Thai*." (*People v. Franco* (2024) 99 Cal.App.5th 184, 194.) The prosecution failed to provide any evidence demonstrating Vigil, "at the time of the hearing, 'was *currently* likely to reoffend.'" (*Ibid.*) While the court did not explicitly specify the statutory factors in its analysis, it appeared to give weight to the first, second, and fourth factors in its denial of the petition: "the nature and facts of the registerable offense," the age of the victim, and "criminal and relevant noncriminal behavior before and after conviction for the registerable

5

offense."[1] (§ 290.5, subd. (a)(3).) But, as we explain below, despite the circumstances of the registrable offense and Vigil's past behavior, no evidence was presented to show he is a present risk to community safety.

With respect to the first and second factors, the Attorney General suggests the registrable offense here was more egregious than the one in *Thai*, because the victim in *Thai* was 15 years old whereas the victim here was three to four years old. The distinction is irrelevant. It does not reveal, in light of the other facts to which the trial court gave weight in denying the petition, how Vigil posed a risk to the community today. (See *Thai, supra*, 90 Cal.App.5th at p. 434 ["facts [of the registrable offense] alone do not demonstrate Thai was a risk to the community over 24 years later"].)

As to the fourth factor, the Attorney General argues, unlike the single instance of misconduct in *Thai*, Vigil engaged in inappropriate sexual conduct before and after the underlying offense. The trial court cited "some violence against the victim's mother and . . . brother" at the time of the registrable offense. But the court stressed "the main fact" on which it relied was Vigil's alleged sexual misconduct in or around 2005 and 2006. The Attorney General asserts several witnesses reported Vigil was showering and having sex with a 13-year-old girl. But that alleged misconduct, for which Vigil was never arrested or prosecuted, occurred approximately 18 or 19 years before the court hearing in this matter. Given this alleged misconduct occurred nearly two decades ago, and any misconduct before or around the

---

[1] Although the trial court did not explicitly cite the statutory factors in its analysis, we infer it considered them in making its decision. The court stated it reviewed the parties' arguments, both of which included analysis on the factors.

conviction occurred at least 30 years ago, Vigil's past behavior here sheds no light on his current risk to community safety today.

The trial court also appeared to give weight to Vigil's pedophilia diagnosis, which he received around the time of his conviction. The court stated, given Vigil's diagnosis, "you would think he'd have a little more wherewithal to at least try to keep distance from a 13-year-old girl." The court further stated, "I can't get it out of my mind that, . . . if I was in . . . Vigil's situation, and I hate to do this, but it's . . . like you tell mom, hey, look, come over to the house by yourself. Don't bring your 13[-year-old]—find a different way. Let's go out on a date somewhere else." Notwithstanding the prosecution's failure to show how this diagnosis from 30 years ago made Vigil a current risk to community safety today, we are concerned the trial court's comments in this context appear to be irrelevant to the analysis.

It does not appear the trial court accorded weight to any additional statutory factors in favor of denying the petition. Nothing in the hearing transcript suggests the court gave weight to: "whether any victim was a stranger at the time of the offense (known to the offender for less than 24 hours)"; "the time period during which the person has not reoffended"; "successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program"; and "the person's current risk of sexual or violent reoffense, including the person's risk levels on SARATSO static, dynamic, and violence risk assessment instruments, if available." (§ 290.5, subd. (a)(3).)

In sum, the prosecution failed to present evidence demonstrating "terminating the registration requirement considerably raised the threat to society because" Vigil "was *currently* likely to reoffend." (*Thai, supra,* 90 Cal.App.5th at p. 433.) Therefore, the trial court abused its discretion in

denying Vigil's petition to terminate his sex offender registration under section 290.5, subdivision (a).

## DISPOSITION

The order is reversed, and the matter is remanded with directions to grant Vigil's petition.

MOTOIKE, ACTING P. J.

WE CONCUR:

SANCHEZ, J.

DELANEY, J.